Daniels, J.
The motion has been made upon grounds which were fully examined in the decision already announced in the case. An examination of it disclosed the fact that evidence not admissable had been received and to some extent, at least, acted upon by the court in the disposition of the case. The facts of the case disclosed this to have been what was done at the trial. It is true that the evidence held to have beén inadmissible was when it was first brought to the attention of the court allowed to be received only to prove the fact of the reports containing it having been made; but that was a fact of not the slighest consequence, and there seems to have been a departure from this ruling afterwards, in the disposition which was made of the case. The stipulation concerning the proof after the jury were dismissed and the case proceeded before the court, in no manner changed this condition of the pro *625 ceeding, for the evidence which had been made the subject of objection still remained in the same condition when the trial took place before the court. Without this evidence such a state of facts were not disclosed as would justify the conclusion that there had been a total loss by reason of the stranding of the steamer. It minutely and particularly stated the effects of the injury that she had received, indicating the probability that the witnesses were correct in their testimony that the cost of repairing the vessel would be such as to justify her abandonment as a total loss. This evidence cannot be disregarded and the judgment sustained upon the other proof given upon the trial. It not only tended to establish the facts indicating this right of abandonment, but it was essential by way of proving them as facts in the action. To disregard a ruling by which illegal evidence is admitted upon the trial, the case upon the other proof should be exceedingly clear in favor of the successful party, so clear as to render it evident that the illegal evidence in no manner biased the right of the opposite party, or contributed to the success of the party succeeding in the action. This cannot be held to be a case of that description, but on the contrary, testimony to prove the facts relied upon was required in the case, and the statements contained in the reports which should not have been received, was that which directly had a tendency to prove the right of the plaintiff to recover as for a total loss of the steamer. A reargument of the case could be of no possible service to the plaintiff. It would simply postpone the final hearing and trial of the action for a longer period of time, possibly "resulting altogether in the loss of the testimony, appearing to be essential to his right to maintain the action.
The motion should be denied, without costs.
Davis and Brady, JJ., concur.